**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

December 2, 2005

John Harmelink, Esq.
Attorney for Plaintiff-Debtor
P.O. Box 18
Yankton, South Dakota  57078

Michael A. Henderson, Esq.
Attorney for Defendant ECMC
P.O. Box 1157
Sioux Falls, South Dakota  57101

Rollyn H. Samp, Esq.
Attorney for Defendant Student Loan Finance Corp.
P.O. Box 495
Sioux Falls, South Dakota  57101

       Subject: *Tolsma v. Student Loan Finance Corp.*
                (*In re Heather K. Tolsma*)
                Adversary No. 05-4042
                Chapter 7; Bankr. No. 04-40986

Dear Counsel:

    The matter before the Court is Defendant Educational Credit Management Corporation's ("ECMC") motion to dismiss for failure to state a claim upon which relief can be granted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, ECMC's motion will be granted.

    **Facts.**[1] Debtor incurred the following school loans while attending nursing school:

| | |
|---|---|
| Student Loan Corporation | $2,605.42 |
| Student Loan Finance Corp. | $24,156.88 |
| Student Loan Finance Corp. | $30,899.88 |
| University Accounting Service LLC | $2,541.41 |

Debtor received her nursing degree. However, she has twice failed to pass her nursing board examinations.

---

    [1] All of the facts set forth in this letter decision are taken from Plaintiff's complaint.

Re: *Tolsma v. Student Loan Finance Corp.*
December 2, 2005
Page 2

Debtor is currently employed by Quality Telemarketing in Vermillion, South Dakota. She works 38 hours a week and earns $8.00 an hour. She travels approximately 60 miles each day.

Debtor has the following projected monthly income:

| | |
|---|---|
| Labor | $1,126.00 |
| Child support | $400.00 |
| Food stamps | $275.00 |
| Day care assistance | $150.00 |
| Medicaid assistance | $200.00 |
| TOTAL | $2,151.00 |

and the following projected monthly expenses:

| | |
|---|---|
| Apartment rent | $300.00 |
| Electricity | $75.00 |
| Phone, cable and internet | $90.00 |
| Food | $300.00 |
| Clothing | $75.00 |
| Medical and dental | $230.00 |
| Transportation | $280.00 |
| Recreation etc. | $50.00 |
| Auto insurance | $120.00 |
| Car payment | $300.00 |
| Attorney fees | $100.00 |
| Child care | $450.00 |
| Personal, baby, and other child expenses | $100.00 |
| TOTAL | $2,470.00[2] |

Debtor does not believe she can find employment that will provide her with an income sufficient to pay her monthly expenses. She does not believe she has the funds necessary to take nursing refresher courses, return to college, or pay the fees associated with retaking her nursing board examinations. She does not believe she can pass her nursing board examinations without attending school.

Debtor does not believe she earns a living that will provide her and her two children (ages four years and seven weeks) with a

---

[2] In her complaint, Debtor showed her total projected monthly expenses to be $2,270.00. However, Debtor appears to have made a mistake in adding up her expenses.

Re:  *Tolsma v. Student Loan Finance Corp.*
December 2, 2005
Page 3

minimum standard of living.  She does not believe she is able to pay her student loans, which are now coming out of deferment.

Finally, Debtor does believe that if she is able to pass her nursing board examinations in the future, she will be able to pay her student loans.  However, she believes she is presently unable to pay those loans as they become due.

**Dismissal for Failure to State a Claim.**  In considering a motion to dismiss for failure to state a claim, the Court must assume the factual allegations in the complaint to be true and must construe those factual allegations in the light most favorable to the plaintiff.  *St. Croix Waterway Association v. Meyer*, 178 F.3d 515, 529 (8th Cir. 1999).  Such motions are not generally favored and will be granted only if the complaint fails to allege facts that would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief.

*Schaller Telephone Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) (citing *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993)).  See also *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).  Finally, a complaint should not be dismissed for failure to state a claim solely on the basis that the facts alleged do not support the plaintiff's legal theory.

> [T]he court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory.

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 n. 40 (2d ed. 1990).  See also *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

**Dischargeability.**  Pursuant to 11 U.S.C. § 523(a)(8), a student loan is not dischargeable, unless "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents."  A debtor seeking to except a student loan from discharge bears the burden of proving "undue hardship" by a preponderance of the evidence.  *Long v. Educational Credit Management Corp. (In re Long)*, 292 B.R. 635, 638 (B.A.P. 8th Cir. 2003) (citations therein).

Re: *Tolsma v. Student Loan Finance Corp.*
December 2, 2005
Page 4

In the Eighth Circuit, a bankruptcy court must evaluate the "totality of the circumstances" in determining whether excepting a given student loan from discharge would impose an undue hardship on the debtor. *Long v. Educational Credit Management Corporation (In re Long)*, 322 F.3d 549, 553 (8th Cir. 2003).

> In evaluating the totality-of-the-circumstances, our bankruptcy reviewing courts should consider: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case.

*Id.* at 554 (citation omitted). However, "if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt – while still allowing for a minimal standard of living – then the debt should not be discharged." *Id.* at 554-55.

**Discussion.** Assuming all the factual allegations in Debtor's complaint to be true, and construing those factual allegations in the light most favorable to Debtor, the Court could reasonably conclude Debtor does not have the *present* ability to repay her student loans. However, by her own admission, if and when Debtor passes her nursing board examinations, she will be able to repay her student loans. Having failed to pass those examinations twice, Debtor is understandably concerned about ever passing them. However, she has not pled any specific facts, such as a mental or physical impairment, that would prevent her ever passing those examinations, nor has she pled any specific facts that would support a finding she could not find other, better employment or reduce her monthly expenses.[3]

Moreover, Debtor's student loans are only now coming out of deferment. Debtor has pled no facts that would support a finding she has made an effort, much less a reasonable effort, to repay those loans or to take advantage of the several student loan servicing options that are available to her. *See* Declaration of Danielle Smith (Docket No. 24) in *Holland v. United States Department of Education (In re Susan E. Holland)*, Adv. No. 03-4001

---

[3] The record does not reveal Debtor's age. Thus, while it suspects – based upon the ages of her children – Debtor is relatively young, the Court is unable to determine how Debtor's age might affect her reasonable future financial resources.

Re:  *Tolsma v. Student Loan Finance Corp.*
December 2, 2005
Page 5

(Bankr. D.S.D.).  The Court could not find Debtor is unable to repay her student loans when she has made no attempt to do so.

While Debtor's financial situation is far from ideal, there is no escaping the fact she is better off than the debtors in other cases in which the courts have found undue hardship.  *See, e.g., Strand v. Sallie Mae Servicing Corporation* (*In re Strand*), 298 B.R. 367 (Bankr. D. Minn. 2003) (54-year-old man with dyslexia, heart disease, diabetes, arthritis, diarrhea, depression, and post-traumatic stress disorder entitled to discharge of $130,000.00 student loan debt); *Korhonen v. Educational Credit Management Corporation* (*In re Korhonen*), 296 B.R. 492 (Bankr. D. Minn. 2003) (42-year-old homeless man with physical and mental disabilities and an income below the poverty level entitled to discharge of $110,000 student loan debt).

Having assumed all the factual allegations in Debtor's complaint to be true, having construed those factual allegations in the light most favorable to Debtor, and having considered the totality of the circumstances in this case, the Court could find Debtor would have difficulty repaying her student loans today. However, it could not find she does not have the ability to repay those loans at some time in the near future.  The Court therefore concludes Debtor's complaint fails to state a claim upon which relief can be granted.  ECMC's motion to dismiss will therefore be granted.  The Court will enter an appropriate order.

Debtor should promptly pursue the various student loan servicing options outlined in the *Holland* case.  The Court trusts ECMC and Debtor's other student loan lenders will recognize the realities of Debtor's financial situation and will work cooperatively with her to explore all reasonable means for repaying her student loans.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc: adversary file (docket original in adversary; serve copies on counsel)

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

DEC 0 2 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

DEC 0 2 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____ *dm*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0869-4<br>Case 05-04042<br>South Dakota<br>Southern (Sioux Falls)<br>Fri Dec  2 10:41:03 CST 2005 | Educational Credit Management Corporation (E | Harmelink John E.<br>PO Box 18<br>Yankton, SD 57078 |
| Henderson Michael A.<br>Cadwell Sanford Deibert & Garry  LLC<br>PO Box 1157<br>Sioux Falls, SD 57101 | Hoyt Irvin N. | Lovald John S.<br>Trustee<br>PO Box 66<br>Pierre, SD 57501 |
| Samp Rollyn H.<br>PO Box 495<br>Sioux Falls, SD 57101 | Student Loan Corporation<br>c/o CitiBank (Nevada)<br>PO Box 6615<br>The Lakes, NV 88901-6615 | Student Loan Corporation<br>c/o CitiBank, USA, NA<br>Attn: Michael Reardon, CEO<br>701 East 60th St. N.<br>Sioux Falls, SD 57104 |
| Student Loan Finance Corp<br>PO Box 790432<br>St. Louis, MO 63179 | Student Loan Finance Corp<br>PO Box 79047<br>St. Louis, MO 63179 | Tolsma Heather K. |
| University Accounting Service LLC<br>PO Box 5291<br>Carol Stream, IL 60197-5291 | End of Label Matrix<br>Total addresses 12 | |